# PETTENGILL *a.* MATHER.

*Supreme Court, First District; General Term, September,* 1861.

## ARREST.—FIDUCIARY CAPACITY.—SECURITY.

Where the plaintiff in an action to recover money received by the defendant in a
fiduciary capacity, recovered judgment therefor,—*Held,* that notwithstanding
he had previously taken from the defendant security for the demand, which
he afterwards accepted in part payment, with the consent of the defendant,
he might nevertheless issue an execution against the person.

Appeal from an order granting leave to issue an execution
against the person.

This action was brought to recover a balance alleged to be
due from the defendant for moneys collected by him while in
plaintiff's employment. The defence was, that the demand, if
any existed, which was denied, had been settled by the defend-
ant's giving a bond and mortgage upon real property in Brook-
lyn. The allegations in the complaint amounted to an aver-
ment that the action was brought to recover for money received
in a fiduciary capacity. The cause was referred to Hon. Charles
P. Kirkland, who reported in favor of the plaintiff, who then
entered judgment for $1536.68. No order of arrest was ever
issued in the action. After an execution upon the judgment
against defendant's property had been returned unsatisfied, the
plaintiff moved at special term, upon the pleadings, and an affi-
davit setting forth the nature of the cause of action, and on the
testimony in the cause and the referee's report, for leave to
issue execution against the person. It appeared from the testi-
mony taken before the referee, that the defendant, after giving
the bond and mortgage, gave plaintiff a deed of the mortgaged
premises, for which the plaintiff allowed $300 on the original
demand. The referee also found that the bond and mortgage
had been taken by the plaintiff as collateral security, and not
in satisfaction of his demand.

Mr. Justice Leonard, at special term, granted the motion, and from his decision the present appeal was taken.

*Cornelius Fiske*, for the appellant.

*Benjamin Vaughan Abbott*, for the respondent.

By THE COURT.*—INGRAHAM, J.—We think the order should be affirmed. The case in 14 *How. Pr.*, 408, was one in which the checks were received in satisfaction of the debt.

The character of the indebtedness was not changed by taking security, which was afterwards accepted in part payment. The residue of the claim was still of a fiduciary character, and the defendant liable to arrest.

Order affirmed.

---

## SPEAR *a.* DOWNING.

*Supreme Court, Third District; General Term, March,* 1861.

PLEADING.—WRITTEN INSTRUMENT.—CONSIDERATION.

Substantial and radical defects in a complaint may be reached under the general allegation in a demurrer, that it does not state facts sufficient to constitute a cause of action.

Section 162 of the Code of Procedure, which provides a mode of pleading upon instruments for the payment of money only, applies merely to instruments apparently valid on their face.

An instrument in the following form,—"Troy, August 4th, 1846. I hereby agree to pay Miss A. Y. twenty dollars per month, during her natural life, for her attention to my son, J. S. M. (Signed) B. M.," is not a promissory note.

Such an instrument expresses no consideration, since it affords no presumption that the services referred to were rendered in pursuance of a previous request of the promisor, or that they were beneficial to him.

Where a consideration is not implied, or a request is essential to the defendant's liability, it must be specially averred in pleading.

The rule of construing a pleading under the Code most favorably to the pleader, is not applicable in regard to the fundamental requisites of a cause of action.

---

* Present, CLERKE, P. J. INGRAHAM and LEONARD, JJ.